### 1543.   DAVIS *v.* THE STATE.

HILL, C. J. The verdict in this case rests entirely on circumstantial evidence, and the circumstances are so weak, unsatisfactory, and inconclusive as to be without evidentiary value. The conviction was therefore unauthorized by law.          *Judgment reversed.*

Accusation of larceny, from city court of Forsyth—Judge Clark. November 14, 1908.

Submitted January 14,—Decided February 9, 1909.

The plaintiff in error was convicted under an accusation charging him with the larceny of "6 ladies' untrimmed hats, 2 white straw No. 141, 138, and 4 Cubans, untrimmed, No. 210," the property of Mrs. Lula Jackson, in the custody of the Central of Georgia Railway Company. From the evidence it appeared, that at the time alleged in the accusation, a car of the railway company was wrecked, and that among other goods unloaded from it was a pasteboard box full of hats, consigned to Mrs. Lula Jackson, Forsyth, Ga., which had been crushed or broken open. The boxes containing hats were piled up with the other goods at the side of the railroad, and guarded by employees of the railway company, but some of the boxes were afterwards missed. The State introduced in evidence hats described in the brief of evidence as "2 white straw hats untrimmed, Nos. 138 and 141, and 4 Cuban hats untrimmed, No. 210;" and an agent of the railway company testified, that two of the hats exhibited at the trial were obtained by him from a girl named Lyons, living near the scene of the wreck, whose mother told him that the defendant "had a lot of them and was going about the country selling them, and that he gave these to her daughter;" that he (the witness) then went to the defendant's house, near by, and demanded "the other hats which he had.

gotten from the wreck, and he said that he had none," but, on being told what the woman had said, directed his wife to "get them," and she brought to the witness four hats, exhibited at the trial. This was two or three months after the wreck occurred. Mamie Lyons testified, that the two hats which she gave to the preceding witness were brought to her mother's house by the accused, in his buggy, and that in reply to her question as to what he would take for them, he said he would sell them for 25 cents each, but when she started to pay him for them he said he would not charge her anything, and he gave them to her. She and her mother, in their testimony, denied that they had said that the defendant was going about selling hats.

Mrs. Lula Jackson testified as to the hats shipped to her and taken from the wreck, and that hats like those exhibited at the trial were included in her purchase from the consignor and were missing from the boxes delivered to her, which had been mashed and broken open. The defendant, in his statement to the jury, said, that, while walking with John Horn through Horn's cotton-patch, after the wreck, they found near the edge of his field a paper box with a lot of "these hats" in it; that he took some of them and Horn took the others; that he did not think they were worth anything, and gave two of them to the Lyons girl and left the others at his house with his wife, and did not try to sell any of them; that he did not go to the wreck. Three other witnesses testified, that while they were walking together near the edge of John Horn's cotton-patch, after the wreck, they found a pasteboard box with hats in it like those exhibited at the trial, but did not think they were "any account," and one of the party kicked over the box, and they left the hats there. One of them testified that the box could be seen from the wreck.

The motion for a new trial, the overruling of which is assigned as error, was upon the grounds, that the verdict was without evidence to support it, and that the court erred in admitting certain evidence.

*Persons & Persons,* for plaintiff in error.

*R. L. Williams,* solicitor, *J. M. Fletcher,* contra.